UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DENNIS HALL, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:09-cv-908-LJM-TAB |
| ) | |
| BRETT MIZE, ) | |
| ) | |
| Respondent. ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. Issuance of the writ Dennis Hall seeks in relation to his conviction on three counts of dealing in cocaine can be considered, therefore, only if timely filed. Because the pleadings and the expanded record show that Hall's petition for writ of habeas corpus was not timely filed, that petition must be **denied.**

The convictions challenged here were affirmed and remanded for resentencing in *Hall v. State*, No. 22A01-9610-CR-355 (Ind.Ct.App. 1997). A modified judgment of conviction was entered on December 29, 1997, after Hall was resentenced. Hall did not appeal the resentencing and his convictions were therefore final on January 27, 1998, when the time to appeal expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 (1987).

A properly filed petition for post-conviction relief was pending in the trial court from May 21, 1998, through July 9, 1998. No appeal was taken from the denial of that petition. The running of the statute of limitations was tolled during this brief 6-week period. *See* 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). Accounting for this tolling period, Hall had through mid-March 1999 in which to file his federal habeas petition. He did not do so. Instead, his federal habeas petition was signed on July 16, 2009, and filed with the clerk seven days later–more than 10 years after the statute of limitations expired. Hall's filing of the present action was brought far beyond the prescribed one-year statute of limitations.

These circumstances show that Hall's habeas petition is barred by the statute of limitations. Hall makes no response to this argument, although he does support the merits of his habeas claims. If the court was permitted to bypass the statute of limitations Congress has seen fit to impose on habeas proceedings in order to consider or reach the merits of habeas claims, the effect would be to read the statute of limitations out of existence. The court is not authorized to do so, nor would it be disposed to do so.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Hall has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/12/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana